IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Paul Theodore Galloway, ) | |
| ) | C/A No. 8:09-3255-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Paul Theodore, Galloway filed the within action on December 19, 2009, seeking judicial review of a final decision of Defendant Commissioner of Social Security partially denying Plaintiff's claims for benefits under the Social Security Act. See 42 U.S.C. § 405(g).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On May 5, 2010, the Magistrate Judge issued a text order in which she noted that Plaintiff, who is represented by counsel, had not filed proof of service. Plaintiff was granted ten additional days to file proof of service. On May 18, 2010, the Magistrate Judge entered a second order granting Plaintiff through June 7, 2010 to file proof of service. Plaintiff specifically was advised that his failure to comply with the Magistrate Judge's order would subject this action to dismissal for failure to prosecute and to comply with the Magistrate Judge's order. See Fed. R. Civ. P. 41(b). According to court records, staff for the Magistrate Judge contacted Plaintiff's counsel on June 15, 2010 and granted Plaintiff an additional fifteen days to file proof of service. Nevertheless, Plaintiff filed no response to the Magistrate Judge's orders and inquiry. Accordingly, the Magistrate Judge issued a Report and Recommendation on July 13, 2010 in which she recommended that the within complaint be

dismissed without prejudice pursuant to Fed. R. Civ. P 4(m) and for failure to comply with the Magistrate Judge's order. Plaintiff filed no objection to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. Although the court would be justified in dismissing the within action with prejudice in accordance with Rule 41(b), the court will defer to the Magistrate Judge's recommendation that the case be dismissed without prejudice in accordance with Rule 4(m).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

August 16, 2010.